☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:   **Andre Louis Mack, Jr.**                                        Case No.

Debtors:                                                                  Chapter 13

# CHAPTER 13 PLAN

**ADDRESS:**   (1) **6305 Martinwood Drive**               (2) _____
                   **Millington, TN 38053**

**PLAN PAYMENT:**
   **Debtor(1)** shall pay $ **54.00 with summer skip**   (✓) weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
      (✓) **PAYROLL DEDUCTION** From: **Durham D&M LLC**          OR ( \ ) **DIRECT PAY**
                                      **2601 Navistar Drive**
                                      **Lisle, IL  60532**

   **Debtor(2)** shall pay $ _____      ☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
      ☐ **PAYROLL DEDUCTION** From: _____        OR (   ) **DIRECT PAY**

**1. THIS PLAN [Rule 3015.1 Notice]:**

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]                    ☐ YES   ✓ NO
   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION                      ☐ YES   ✓ NO
       OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
   (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].                  ☐ YES   ✓ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; **OR** ✓ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                              Monthly Plan Payment:

                       Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to:
**None**               ongoing payment begins _____                  $ _____
                       Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

**Internal Revenue Service**               Amount **1,133.00**                        $ **19.00**

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

**None**               ongoing payment begins _____                  $ _____
                       Approximate arrearage: _____ Interest _____          $ _____

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]       Value of Collateral:    Rate of Interest   Monthly Plan Payment:
**None**

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]          Value of Collateral:    Rate of Interest   Monthly Plan Payment:
**-NONE-**                                                                            $

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-                                                              Collateral:

**10. SPECIAL CLASS UNSECURED CLAIMS:**

| | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| MLGW | 398.00 | 0.00 | $7.00 |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None            ☐ Not provided for   **OR**   ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐ _____ %, OR,
☑ THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None                                                      ☐ Assumes  **OR**  ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

None

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Laura L. Sanford                                                             Date  February 13, 2020                     .
Laura L. Sanford 19575
Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)